10-1615
Dolman v. Horner

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of October, two thousand eleven,

Present:       JOSEPH M. McLAUGHLIN,
               ROSEMARY S. POOLER,
               REENA RAGGI,
                         *Circuit Judges*.

---

SANDRA DOLMAN, NICK MOTTERN, GAYLE DUNKELBERGER,
VALERIE COURREGES, DAVID FINUCANE, KWAME MAHDI,
MARGARET EBERLE, FRANK SMITH,

                         *Plaintiffs-Appellants*,

               -v-                                    10-1615

ANN HORNER, GARRISON COMMANDER SUED IN HER OFFICIAL
AND PERSONAL CAPACITIES, JOHN SPISSO, BUILDING MANAGER,
HOLLEDER CENTER, WEST POINT,

                         *Defendants-Appellees*.[1]

---

Appearing for Appellants:    Michael H. Sussman, Sussman & Watkins, Goshen, N.Y.

---

[1] The Clerk of the Court is directed to correct the caption as shown above.

Appearing for Appellees:    Jeanette A. Vargas, Assistant United States Attorney for the
                            Southern District of New York (Preet Bharara, United States
                            Attorney for the Southern District of New York, Mara E. Trager,
                            Ross E. Morrison, Assistant United States Attorneys for the
                            Southern District of New York, *on the brief*), New York, N.Y.

 Appeal from the United States District Court for the Southern District of New York
(Robinson, *J.*).

 **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

 Sandra Dolman, Nick Mottern, Gayle Dunkelberger, Valerie Courreges, David Finucane,
Kwame Mahdi, Margaret Eberle and Frank Smith (together, "Plaintiffs") appeal from the jury
verdict finding in favor of defendants, rendered July 22, 2009, the denial of their Rule 50(a)
motion at the conclusion of trial and the March 31, 2010 opinion and order of the United States
District Court for the Southern District of New York (Robinson, *J.*) denying their Rule 50(a),
Rule 50(b) and Rule 59 motions. We assume the parties' familiarity with the underlying facts,
procedural history, and specification of issues for review.

 On February 28, 2004, the Plaintiffs attended a basketball game - open to the public - at
West Point. When the national anthem played, they stood up, removing their jackets and
revealing t-shirts spelling out "US OUT OF IRAQ." Shortly after, John Spisso, the facilities
manager, told Plaintiffs they could either remove their t-shirts or leave the arena. The Plaintiffs
agreed to leave the arena. Garrison Commander Ann Horner sent each of the Plaintiffs a letter
barring them from "all areas of West Point" for a period of five years, based on the incident.

 Plaintiffs sued, alleging in relevant part that Spisso and Horner violated their First
Amendment rights by suppressing constitutionally protected speech and by barring them from
the base for exercising their constitutionally protected right to free speech.

 We review the district court's denial of Plaintiffs' Rule 50 motion for judgment as a
matter of law de novo. *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir. 2008). A
grant of judgment as a matter of law following a jury verdict "may only be granted if there exists
such a complete absence of evidence supporting the verdict that the jury's findings could only
have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so
overwhelming that reasonable and fair minded [persons] could not arrive at a verdict against
[it]." *Id.* (internal citations and quotation marks omitted). "In reviewing such a motion, this
Court must give deference to all credibility determinations and reasonable inferences of the jury,
and may not weigh the credibility of witnesses or otherwise consider the weight of the
evidence." *Id.* (internal citations and quotation marks omitted).

The district court properly determined that the Plaintiffs failed to satisfy the high standards required to overturn a jury verdict. While the record does contain evidence in support of the Plaintiffs' case, the record also contains ample evidence from which a reasonable jury could find in favor of defendants. Specifically, a reasonable jury could find that regardless of whether a specific written policy existed prohibiting organized demonstrations at West Point, both Spisso and Horner believed demonstrations were not permitted at West Point, and that belief - not viewpoint discrimination - motivated the removal of Plaintiffs and the subsequent barment order. Moreover, a reasonable jury could conclude that defendants considered the t-shirts as the vehicle for the demonstration, and barred Plaintiffs based on their group effort in conveying the message, rather than for the message itself. *See Cornelius v. NAACP Legal Defense & Educ. Fund, Inc.*, 473 U.S. 788, 806 (1985).

Plaintiffs also argue the district court committed plain error when, in response to a question from the jury, it instructed the jury that "[t]he law does not require that Mr. Spisso has to have halted the plaintiffs' protest because he personally disagreed with the viewpoint. The question is: Did he halt the message in order to stop the viewpoint from being broadcast." Plaintiffs argue this instruction prevented the jury from finding that Spisso ordered the Plaintiffs removed because he personally disagreed with their message. We disagree. Plaintiffs did not object to the district court's instruction, and therefore, we will reverse only if there was a fundamental error "so serious and flagrant that it goes to the very integrity of the trial." *SEC v. DiBella*, 587 F.3d 553, 569 (2d Cir. 2009). No such fundamental error exists here. The district court correctly instructed the jury that in order to prevail, Plaintiffs did not have to prove that Spisso personally disagreed with the demonstration. Rather, Plaintiffs needed only to prove that he acted in order to suppress the Plaintiffs' viewpoint. We find no error.

We have examined the remainder of Plaintiffs' arguments and we find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3